LENA HINES, EMMA ALLIGOOD, W. M. CARTER AND WIFE, ADDIE CARTER, HATTON HINES, HORACE HINES, ELSIE SEIWELL AND HUSBAND, PETER SEIWELL, MILDRED HENDERSON AND HUSBAND, MACK HENDERSON, MATTHEW HINES, LEONARD HINES, WILMER HINES, ROBERT HINES, MITCHELL T. HINES, JAMES McDONALD HINES, THE LAST THREE BEING MINORS BY THEIR NEXT FRIEND, LENA HINES, v. FANNIE MAE HINES, WIDOW OF P. R. HINES, AND GEORGE STANCILL HINES, A MINOR, HEIR AT LAW OF P. R. HINES, BY HIS GUARDIAN AD LITEM, FANNIE MAE HINES.

(Filed 27 March, 1940.)

**1. Deeds § 13a—**

The provision of C. S., 991, that a conveyance will be construed to be in fee whether the word "heir" is used or not, applies by the express language of the statute only when the deed fails to disclose a clear intention to convey an estate of less dignity.

**2. Same—Instrument held to disclose plain intention not to convey fee.**

The instrument in question stipulated that the grantor did "give, grant, bargain, sell and convey, lease and let" to the grantee the described premises for the purpose of using same as a home until the grantor should see fit to sell or repossess the land, and that as rents the grantee should pay one-half the taxes and insurance on the property, that the grantee should be a tenant at will, and twice provided that the grantee should give up and deliver possession upon 30 days notice.    *Held:* The instrument

clearly indicates an intention to convey an estate of less dignity than a fee and C. S., 991, is not applicable, and the instrument is a lease, and upon the death of the grantee, lessee, his heirs take no interest in the land thereunder.

APPEAL by defendants from *Frizzelle, J.,* at October Term, 1939, of PITT. Affirmed.

The plaintiffs' complaint alleged, in part: "That at the time of the death of Mrs. Lizzie Tunstall, in the town of Murry, Greene County, North Carolina, on or about the ...... day of August, 1937, the said Lizzie Tunstall was seized and possessed of a one-half undivided interest in that certain real property lying and being situated in or near the town of Ayden, Pitt County, North Carolina, and being the house and lot and about three acres of vacant lands adjacent thereto, being the same house and lot and vacant lands now occupied by one of the petitioners, Lena Hines, and that upon the death of the said Mrs. Lizzie Tunstall, the plaintiff petitioners and the defendants became the owners in fee simple and tenants in common of said one-half undivided interest in said real property, and the plaintiffs and the defendants are the only persons or parties interested in the said one-half undivided interest in said property as heirs at law of the late Mrs. Lizzie Tunstall. That the interest of the plaintiffs and the defendants in the said one-half undivided interest in said real property is as follows: . . . (setting same forth) . . . George Stancill, the infant defendant, as heir at law of the late P. R. Hines, owns 15/90 of said undivided interest, subject to the dower interest of his mother, the defendant, Fannie Mae Hines, widow of P. R. Hines. The real property hereinbefore described is too small to be susceptible of actual division, and the petitioners desire to hold their interest therein in severalty in the proceeds of the sale of said property, due to the fact that the interests of the tenants in common are too small to be allotted to them in land. . . . Wherefore, your petitioners pray that an order be made by the court that the said one-half undivided interest of the real property hereinbefore described be sold at public sale before the courthouse door in Greenville, to the highest bidder for cash, to the end that the tenants in common may hold their interests in the proceeds thereof in severalty."

The defendants denied the material allegations of the complaint and, answering further the complaint, say: "That P. R. Hines was the owner in fee simple of a one-half undivided interest in the tract of land described in the petition, by reason of a deed executed by Lizzie Hines to P. R. Hines and recorded in Book V-14, page 203, of the Pitt County Registry, and, therefore, the defendant George Stancill Hines, as heir at law of P. R. Hines, is now the owner of said one-half undivided interest in said tract of land, subject to the dower right of the defendant

Fannie Mae Hines, widow of P. R. Hines. That the defendants do not want a division nor a sale of the said tract of land or their interest in the same, but if a sale is to be had, then the whole tract of land should be sold and the proceeds of the sale divided between the plaintiff Lena Hines and the defendants. . . . Wherefore, the defendants pray: First: That they be adjudged the owners of a one-half interest in the tract of land described in the petition, and that the petition be denied. Second: That if a sale be ordered, that it be for the entire or whole tract of land for division."

The court below found certain facts and rendered judgment, in part, as follows: "Upon the pleadings filed, the deed in question, and the facts above found, the court is of the opinion, and holds, adjudges and decrees that the defendants take no interest whatever or no estate whatever in the land set out and described in the petition filed in this cause under or by reason of the paper writing, deed, executed by Lizzie Hines to P. R. Hines and recorded in Book V-14, page 202, of the Pitt County registry, and set up and referred to in the answer of the defendants; but that the defendant George Stancill Hines, sole heir at law of the late P. R. Hines, owns fifteen-ninetieths of one-half undivided interest in the lands described in the petition, subject to the dower interest of his mother, Fannie Mae Bowen, widow of P. R. Hines, and that other parties own interests as set out in the petition. It is further ordered, adjudged and decreed that the lands set out and described in the petition filed in this cause be sold for the purpose of making division among the parties in interest therein in the proceeds thereof," and that certain commissioners be appointed to make sale, etc.

The defendants Fannie Mae Hines and George Stancill Hines, through his guardian *ad litem,* Fannie Mae Hines, excepted to the foregoing judgment, assigned error and appealed to the Supreme Court.

*Harding & Lee for plaintiffs.*
*Julius Brown for defendants.*

CLARKSON, J. The only question for our determination is: What interest or estate P. R. Hines took under the paper writing (termed deed) from Lizzie Hines to P. R. Hines, dated 19 March, 1924, and duly recorded in Pitt County, N. C. We think that the judgment of the court below is correct and that P. R. Hines took no interest or estate in the land in controversy, under the said paper writing.

To sustain the position that P. R. Hines had a one-half interest in the land, defendants cite C. S., 991, which is as follows: "When real estate is conveyed to any person, the same shall be held and construed to be a conveyance in fee, whether the word 'heir' is used or not, unless

such conveyance in plain and express words shows, or it is plainly intended by the conveyance or some part thereof, that the grantor meant to convey an estate of less dignity." N. C. Code, 1935 (Michie), sec. 991.

We extract from the paper writing: (1) "Witnesseth: That for and in consideration of natural (love) and affection, and other good and valuable considerations and for the sum of one dollar in hand paid me by P. R. Hines, I do hereby give, grant, bargain, sell and convey, *lease* and let to P. R. Hines, the following described property to P. R. Hines, *for the purpose of using the same as a home or until I shall see fit to sell the same or shall want the possession of said* property at any time— (describing land in controversy). (2) To have and to hold the said one-half of said real estate, including one-half of the house room on said place in the dwelling and out houses and especially my rooms in said dwelling to him the said P. R. Hines' only use and behoof, *as a home in said land until I see fit to sell my said interest in the said property or until I shall see fit to repossess said land, and as rents* for said property until I shall see fit to sell or repossess the same, *P. R. Hines agrees to pay one-half of the taxes and insurance on said property,* and in case I shall see fit to sell the said property or to repossess the same, *P. R. Hines agrees to give up and deliver the possession of the same to the said Lizzie Hines upon thirty days' notice* and agrees to keep the same in good repair and *return* the same in as good condition as of the date of this agreement, wear and tear and accident to the same excepted; and it is further agreed that P. R. Hines shall take possession of my said interest in said property after the 20th day of March, 1924, and *from then until I shall wish to repossess or sell the same;* and it is further agreed that the said P. R. Hines shall be a *tenant of said land at my will* and that I shall retain full right to dispossess and take said property at any time I shall desire to take possession of the same, and *P. R. Hines agrees to give up and deliver possession of the same upon thirty days' notice as above stated* without let or hindrance of any kind whatsoever and he is hereby put into possession of the same to enjoy the quiet possession of same on and after the day above specified. Witness my hand and seal, this 19th day of March, 1924. (Miss) Lizzie Hines (Seal)." (Italics ours.)

It will be noted that the first part of section 991, *supra,* is qualified by the following: "Unless such conveyance in plain and express words show or it is plainly intended by the conveyance or some part thereof that the grantor meant to convey an estate of less dignity." The paper writing clearly indicates that it was a lease. "P. R. Hines shall be a tenant of said land at my will," etc. Twice in the paper writing it is

set forth that P. R. Hines "agrees to give up and deliver possession of the same . . . upon thirty days' notice." We think the construction put on the paper writing by the court below correct, and the judgment is

Affirmed.